Ellison v Horn (2023 NY Slip Op 50296(U))

[*1]

Ellison v Horn

2023 NY Slip Op 50296(U)

Decided on March 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-226 Q C

Robert Ellison, Appellant,
against
Michael D. Horn, Respondent. 

Robert Ellison, appellant pro se.

A.G. Trakas, PC (Arthur G. Trakas of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Ira R. Greenberg, J.), entered February 21, 2023. The judgment, after a nonjury trial, dismissed the complaint.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial, limited to the amount, if any, plaintiff is entitled to recover.
Plaintiff commenced this action, alleging breach of contract and malpractice, to recover the principal sum of $12,000 that he paid defendant, an attorney. At a nonjury trial, plaintiff established that he, on behalf of Terrance Kirkland (who was then incarcerated), signed an agreement with defendant dated May 25, 2018 which provided that defendant was retained to appeal Kirkland's judgment of conviction for a fee of $12,000 and specifically provided that it did not include "a [CPL] 440 motion." It is undisputed that defendant did not file an appeal but, instead, filed a CPL 440 motion. Defendant testified that he realized, after the retainer agreement was signed, that it would be best to file a CPL 440 motion in lieu of an appeal, and that he communicated the reasons for such preference to plaintiff. Defendant submitted email correspondence into evidence which, the Civil Court found, established that "plaintiff had requested a CPL motion instead of an appeal." Following the trial, the Civil Court dismissed the [*2]complaint, finding that plaintiff was not entitled to the return of the $12,000 retainer since plaintiff had agreed to proceed with a CPL 440 motion.
On appeal, plaintiff contends that the retainer agreement was breached since defendant did not prepare an appeal on behalf of Kirkland and that defendant was not authorized to make a CPL 440.10 motion in lieu of an appeal.
The retainer agreement signed by defendant set forth the scope of the representation and the basis or rate of the fee and expenses for which plaintiff would be responsible (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [b]), i.e., that plaintiff was responsible for paying the sum of $12,000 which would cover an appeal of the judgment of conviction. While the retainer agreement of $12,000 was for an appeal, and specifically stated it was not for a CPL 440 motion, we are in agreement with the Civil Court that defendant established that the parties modified the agreement by substituting a CPL 440 motion in lieu of an appeal. However, there was no clear understanding that the substituted services would be performed for the originally agreed-upon sum of $12,000. Given the ambiguity created by defendant, we find that a new trial is required to determine the reasonable value of the services defendant rendered in making the CPL 440 motion and, thus, the amount, if any, of the $12,000 retainer that plaintiff is entitled to recover. 
Accordingly, the judgment is reversed and the matter remitted to the Civil Court for a new trial, limited to the amount, if any, plaintiff is entitled to recover.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 24, 2023